UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DOMINICK R. PILLA, ARCHITECTURE-                :
ENGINEERING P.C., doing business as each of     :
Dominick R. Pilla Associates, PC, DRPILLA       :
Associates, PC, DRPILLA Consulting Engineers,   :   Docket No. 7:19-cv-02255-KMK
and/or Dominick R. Pilla,                       :
                                                :
                           Plaintiff,       :
                                                :
              - against -                  :
                                                :
ORLY GILAT and W 108 DEVELOPMENT, LLC,          :
                                                :
                         Defendants.      :
------------------------------------------------------------x

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

**FARRELL FRITZ, P.C.**
*Attorneys for Defendants Orly Gilat and*
*W 108 Development, LLC*
622 Third Avenue, 37th Fl.
New York, New York 10017
(516) 227-0700

*Of Counsel:*
   Kevin P. Mulry
   Hamutal G. Lieberman

# TABLE OF CONTENTS

                                                                                                                    Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT ............................................................................................................................ 2

      I.      THE ARCHITECTURAL DRAWINGS ARE NOT SUBSTANTIALLY SIMILAR ................................................................................................. 2

            A.      The Layout of the Sixth Floor is Not Substantially Similar ......................... 2

            B.      Plaintiff's Additional Purported Similarities are Not Protectable Elements ....................................................................................................... 3

                    1.      Front and Rear Façade ..................................................................... 4

                    2.      Rooftop Garden ................................................................................ 6

                    3.      Exercise Room/Bike Storage ........................................................... 7

            C.      Plaintiff Ignores the Differences Described By Defendants ........................ 7

            D.      The Court May Rely on W 108's Drawings Because They Are Incorporated in the Complaint by Reference .............................................. 8

            E.      The Court Should Deny Plaintiff's Request to Amend the Complaint ........ 8

      II.     PLAINTIFF FAILS TO STATE A CLAIM FOR FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)(1)(A) ..................................................... 9

      III.    PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE DMCA ................................................................................................................ 9

CONCLUSION ...................................................................................................................... 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Acito v. IMCERA Group, Inc.*,
   47 F.3d 47 (2d Cir.1995)..................................................................................................9

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
   123 S. Ct. 2041 (2003).....................................................................................................9

*Hearn v. Meyer*,
   664 F.Supp. 832 (S.D.N.Y. 1987) ...................................................................................6

*Johnson v. Jones*,
   149 F.3d 494 (6th Cir. 1998) ...........................................................................................9

*Kaplan v. New York State Dept. of Labor*,
   2019 WL 325911 (S.D.N.Y. July 19, 2019) ...................................................................8

*Lefkowitz v. McGraw-Hill Global Educ. Holdings, LLC*,
   23 F. Supp. 3d 344 (S.D.N.Y. 2014)................................................................................8

*Matthew Bender & Co. v. W. Pub. Co.*,
   240 F.3d 116 (2d Cir. 2001).............................................................................................9

*In re Merill Lynch & Co., Inc.*,
   273 F. Supp. 2d 351 (S.D.N.Y. 2003)..............................................................................9

*Peter F. Gaito Architecture, LLC v. Simone Development Corp.*,
   602 F.3d 57 (2d Cir. 2010)...............................................................................................8

*Playboy Entertainers Int'l v. Mediatakeout.com LLC*,
   2016 WL 1023321 ........................................................................................................10

*Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*,
   2015 WL 13037562 ......................................................................................................10

*Wells Fargo Bank, N.A. v. Wrights Hill Holdings, LLC*,
   127 F.Supp.3d 156 (S.D.N.Y. 2015)........................................................................4, 5, 8

*Zalewski v. Cicero Builder Dev., Inc.*,
   754 F.3d 95 (2d Cir. 2014).................................................................................3, 4, 5, 6, 7

**Statutes**

15 U.S.C. § 1125(a)(1)(A) ("Lanham Act") ..........................................................................9

Fed. R. Civ. P. 15(a)(1)(B) ...................................................................................................2, 9

Fed. R. Civ. P. 201 ..................................................................................................................4

17 U.S.C. § 505 ("Copyright Act")........................................................................................9

17 U.S.C. § 1201 (2006), Digital Millennium Copyright Act ("DMCA")................................9, 10

**Other Authorities**

New York Administrative Code Title 25 Chapter 3 ......................................................................5

New York City Zoning Code Section 23-692 and 33-492 ("Sliver law")........................................5

Defendants Orly Gilat ("Gilat") and W 108 Development, LLC ("W 108") respectfully submit this Reply Memorandum of Law in further support of their motion to dismiss the Complaint of Plaintiff Dominick R. Pilla, Architecture-Engineering P.C. ("DRP").

## PRELIMINARY STATEMENT

In their moving papers, Defendants demonstrated that the two sets of architectural drawings at issue in this case are not substantially similar. DRP's opposition to W 108's motion to dismiss fails to provide any reason why this Court should not dismiss DRP's Complaint.

DRP has failed to oppose, let alone address, the differences in the drawings identified by W 108, effectively conceding these elements are dissimilar. Moreover, to the extent DRP lists any similarities between the architectural works, such as the front and rear façade and the rooftop garden, those elements are not protected under copyright law. Further, DRP's argument that the sixth floor plans are similar is completely misguided and blatantly erroneous, as DRP compares two copies of its own drawings of the sixth floor. A cursory comparison of the DRP drawings with the W 108 drawings of the sixth floor shows no substantial similarity.

Although the basis of DRP's complaint is the assertion that W 108's drawings are substantially similar to its drawings, DRP disingenuously argues that the W 108 drawings should not be considered by this Court because DRP did not attach them to the Complaint. The Court may certainly consider the W 108 drawings under applicable law, as they are central to DRP's claims and are incorporated in the Complaint by reference.

In addition, a review of the architectural drawings that W 108 submitted to the Department of Buildings (attached to the moving papers) clearly indicates that the drawings are not copies of DRP's drawings without DRP's CMI. Also, DRP's claim for false designation of origin fails because the Supreme Court and numerous courts have held that such a claim does not apply to

1

architectural drawings. Finally, DRP should not be given an opportunity to amend its Complaint. It has not offered any cure for the deficiencies in the Complaint, it previously turned down the Court's offer of an opportunity to amend its Complaint before briefing on the motion, and it has waived its right to amend the Complaint pursuant to FRCP 15(a)(1)(B). Defendants respectfully submit that DRP's Complaint must be dismissed as a matter of law.

## ARGUMENT

### I. THE ARCHITECTURAL DRAWINGS ARE NOT SUBSTANTIALLY SIMILAR

#### A. The Layout of the Sixth Floor is Not Substantially Similar

Perhaps the most glaring error in DRP's opposition papers is its argument that the layout of the sixth floor in both sets of architectural drawings is substantially similar. In support of its argument, DRP attaches an alleged side-by-side comparison of the sixth floor found in DRP's drawings and W 108's drawings. *See* Plaintiff's Memorandum of Law in Opposition ("Opp. Brief") dated September 24, 2019, p. 8-9. Upon review, the layouts certainly look similar, and that is because they are two identical copies of the layout of the sixth floor from DRP's own architectural drawings. Neither drawing is from W 108's drawings. An actual comparison of DRP's drawings to W 108's drawings (shown below) demonstrates that the sixth floor drawings are not substantially similar. *See* Mulry Decl., Ex. A. W 108's drawings contain a third bedroom next to the kitchen and living room, while all of the bedrooms in DRP's drawings are located on the other side of the unit and away from the kitchen and living room. In addition, the kitchen and living room utilize the width of the unit in DRP's drawings, while in W 108's drawings, the kitchen and living room make an "L" shape. DRP's drawings show a bathroom on the left side of the unit adjoined to "bedroom 1" by a closet. In W 108's drawings, the closet is merely part of the bedroom and does not adjoin the bedroom and bathroom. Finally, W 108's drawings show a cantilever over

the adjacent building, a creative expression blatantly missing from DRP's drawings. An annotated drawing of the sixth floor layout from both drawings, provided below, highlights the lack of substantial similarity. *See* Reply Declaration of Kevin P. Mulry dated October 8, 2019 ("Reply Decl."), Ex. A.



**B. Plaintiff's Additional Purported Similarities Are Not Protectable Elements**

The few purported similarities that DRP alleges to exist between the architectural drawings are non-protectable elements as a matter of law and cannot sustain a claim for copyright

infringement.  "Not every portion or aspect of a copyrighted work is given copyright law's protection.  Copying these aspects of a work is not wrongful."  *Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 100 (2d Cir. 2014).  DRP cannot claim copyright protection for design elements whose location is based on building code regulations, engineering necessity and efficiency.  *Id*. at 105.  "Any design elements attributable to building codes, topography, structures that already exist on the construction site, or engineering necessity should therefore get no protection."  *Id*.

1. **Front and Rear Façade**

DRP is correct in its assertion that the front façade of both sets of plans are identical.  *See* Opp. Brief, p. 8-9.  This similarity is not due to DRP's creative expression, however, but to the existing façade of the buildings.  The buildings that are the subject of both sets of architectural plans are two adjacent, pre-existing, brownstone buildings completed in 1898.  Since these buildings pre-date both sets of architectural drawings by decades, the drawings understandably reflect the appearance of the pre-existing structure.  The depiction of the building's front façade in DRP's architectural drawings is therefore not a copyrightable element.  *Id*.  The pre-existing appearance of the building is illustrated in the photograph below, which was published in



4

the Real Estate Record and Guide on November 5, 1898, when the building was first built.[1] *See* Reply Decl., Ex. B.  DRP's allegations that W 108 copied the front façade of the building, including "identical features on the first through fifth floors" and the "eighteen columns . . . separating the fifth and sixth floors," are meritless.  *See* Opp. Brief, p. 8.

Moreover, at all relevant times, the building was and continues to be governed by the New York City Landmarks Preservation Commission (LPC) as demonstrated by the NYC DOB Property Profile Overview[2].  *See* Reply Decl., Ex. B.  LPC is governed by Title 25 Chapter 3 of the New York Administrative Code and requires owners working on a landmark property to ensure the proposed alterations comply with LPC's regulations of the building's scale, style, character and the surrounding area.  As such, the similarities DRP alleges with respect to the building's façades are attributable to the mandatory compliance with LPC's codes including the number and spacing of the windows, the masonry, the columns separating the fifth and sixth floors and the size and location of the bulkhead located on the top of the sixth floor.  *See Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 105 (2d Cir. 2014) ("design elements attributable to building codes . . . get no [copyright] protection); *see also* Opp. Brief, p. 8-9.  Additionally, the elevation of the building (and the number of floors) is restricted by NYC Zoning Code §§ 23-692 & 33-492, the Sliver Law, and is also not a protectable element of DRP's drawings.  *See Zalewaki, 754 F.3d at 105*.

With respect to the rear façade of the building, as discussed above, DRP alleges that the rear façade of both architectural drawings are mirror images.  *See* Opp. Brief, p. 9.  As discussed

---

[1] The Court may take Judicial Notice of a printout from Columbia University's digital library which contains a photograph, which was published in in the Real Estate Record and Guide on November 5, 1898.  *See Wells Fargo Bank, N.A. v. Wrights Hill Holdings, LLC*, 127 F.Supp.3d 156, 167 (S.D.N.Y. 2015) (Courts may take judicial notice of information in newspaper articles and LexisNexis database searches).

[2] The Court may take Judicial Notice of a printout of the NYC Department of Building's Property Profile Overview which can be found utilizing the NYC DOB's website which discloses  building's landmark status which can be found utilizing the NYC DOB's website located at http://a810-bisweb.nyc.gov/bisweb/PropertyProfileOverviewServlet?bin=1081593&requestid=1.  *See Wells* Fargo, 127 F. Supp. 3d at 167("Courts routinely take judicial notice of [documents from official government websites.").

above, these features of DRP's drawings are not protectable elements because LPC governs the design elements of the rear façade of the building such as the number and size of the windows as well as the type of windows permitted. *See* Opp. Brief, p. 9. The elements of DRP's drawings relating to the building's façade are not unique expressions, but rather compliance with LPC codes and regulations which are not entitled to copyright protection. *See Zalewski*, 754 F.3d at 105.

Moreover, DRP neglects to identify the many differences between the drawings of the rear façade such as: the backyard design (W 108's is excavated and divides the backyard into a public and private space, while DRP's backyard does not have either element), the sixth floor of W 108's drawings has three sets of windows while DRP's has four sets of windows, and the bulkheads located on top of the sixth floor are designed and depicted differently (DRP's drawing depicts a square structure to the right of the door of the bulkhead, while W 108's drawing does not). With respect to DRP's allegations that both drawings depict "upside down 'L' shaped windows," on the fifth and sixth floors, a closer view indicates that these are doors to the terrace and in any event, the doors are placed in different locations in both sets of drawings. *See* Opp. Brief, p. 9.

    2. **Rooftop Garden**

DRP alleges that substantial similarity exists because both architectural plans contain a rooftop garden that is configured in "the same reverse 'C' shape." *See* Opp. Brief, p. 11. However, DRP's roof garden is not in a 'C' shape, but instead appears to be concentrated in the top right corner of the roof. In any event, "[c]opyright protection is afforded rarely where a fact permits only a narrow continuum or spectrum of expression." *See Hearn v. Meyer*, 664 F.Supp. 832, 847 (S.D.N.Y. 1987). Here, the square shape of the roof, with the elevator and staircase in the middle, leaves little room for creativity in the placement of a garden on the roof. DRP also ignores the other differences between the drawings. W 108's drawings contain graphic depictions of plants

along the right side of the roof garden and DRP's drawings go into significantly more detail relating to the mechanical elements on the roof.

### 3. Exercise Room/Bike Storage

DRP argues that W 108's drawings reflect "nearly identical locations" of the exercise room and bike storage of DRP's drawings because both are located in the basement. *See* Opp. Brief, p. 12. W 108's exercise room, however, is in the top left corner of the plans while DRP's plans position the exercise room starting on the top right of the basement and continuing almost the entire width of the building. While the bike storage is on the same side of the building in both sets of plans, it is significantly smaller and narrower in W 108's drawings. *See* Defendants' Memorandum of Law in Support of Motion to Dismiss, dated August 22, 2019, ("Moving Brief"), p. 13. In any event, these are not protectable elements of DRP's drawings as they are dictated by efficiency and "general notions of where to place functional elements." *Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 105 (2d Cir. 2014).

### C. Plaintiff Ignores the Differences Described By Defendants

DRP has not responded to or otherwise addressed Defendants' arguments setting forth the differences between the two sets of architectural drawings. *See* Moving Brief, pp. 5-16. Specifically, DRP fails to address, let alone respond to, Defendants' arguments that the layout of the residential units of each floor are different, the total number of residential units is different, the backyard is different and the common/utility areas are located in different areas and are configured differently in both sets of drawings. *See id*. By altogether failing to oppose or address these arguments, DRP effectively concedes that its copyright infringement claim fails because the drawings are not substantially similar. *See Kaplan v. New York State Dept. of Labor,* 2019 WL 325911 at *5 (S.D.N.Y. July 19, 2019) (Courts normally deem a claim abandoned if plaintiff fails

to address or oppose defendant's arguments). Taken altogether, this Court must conclude that "the plaintiff's complaint, together with the works incorporated therein, do not plausibly give rise to an entitlement to relief for a claim of copyright infringement." *Peter F. Gaito Architecture, LLC v. Simone Development Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (internal citations omitted).

### D. The Court May Rely on W 108's Drawings Because They are Incorporated in the Complaint by Reference

"In addition to the complaint, the Court may consider any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies." *Lefkowitz v. McGraw-Hill Global Educ. Holdings, LLC*, 23 F. Supp. 3d 344, 352 (S.D.N.Y. 2014) (internal citations omitted). "The Court may also consider any items of which judicial notice may be taken." *Id*. "Finally, the Court may consider a document not specifically incorporated by reference but on which the complaint relies and which is integral to it." *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 156, 168 (S.D.N.Y. 2015). Here, the central allegation of the Complaint is that the W 108 drawings are substantially similar to the DRP drawings. Plaintiff cannot avoid dismissal by not attaching to the Complaint the central document that the Second Circuit has held this Court may consider on a motion to dismiss. *See Peter F. Gaito Architecture, LLC v. Simone Development Corp.*, 602 F.3d 57, 64 (2d Cir. 2010). The Court may consider W 108's drawings on this motion because they are incorporated by reference in the Complaint and the drawings are integral to it.

### E. The Court Should Deny Plaintiff's Request to Amend the Complaint

DRP asks this Court to grant it leave to amend the Complaint. *See* Opp. Brief, p. 13. However, DRP's opposition papers fail to offer any additional information that that would allow it to adequately plead claims for copyright infringement, violation of the DMCA, or false designation of origin under the Lanham Act. "One good reason to deny leave to amend is when

8

such leave would be futile." *In re Merill Lynch & Co., Inc.*, 273 F. Supp. 2d 351, 392 (S.D.N.Y. 2003) *quoting Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 55 (2d Cir.1995).

Significantly, DRP has already passed on two other opportunities to amend its Complaint. First, at the pre-motion conference, DRP declined the Court's invitation to amend its Complaint prior to a motion to dismiss. Second, DRP waived the opportunity under FRCP 15(a)(1)(B) to file an amended complaint 21 days after Defendants served the motion to dismiss. DRP's request to amend the Complaint should be denied.[3]

## II. PLAINTIFF FAILS TO STATE A CLAIM FOR FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)(1)(A)

Architectural drawings cannot form the basis for a false designation of origin case. *See Dastar Corp. v. Twentieth Century Fox Film Corp.*, 123 S. Ct. 2041, 2044 (2003) and cases cited at Moving Brief, pp. 17-20. DRP lamely tries to distinguish the numerous cases Defendants cite by arguing that they were decided on summary judgment. *See* Opp. Brief., p. 19 at fn 3. The procedural posture of these cases does not change the legal conclusion: DRP's drawing cannot form the basis for a false designation claim.[4] The false designation claim should be dismissed.

## III. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE DMCA

A comparison of DRP's drawings and W 108's drawings shows that they are not substantially similar, and also establishes that the defendants' drawings are not simply copies of DRP's architectural drawings with CMI information removed. Defendants do not argue that establishment of a copyright infringement claim is a prerequisite to pleading a DMCA claim.

---

[3] As argued in Moving Brief at pp. 21-22, the Court should award defendants their costs and reasonable attorneys' fees under the Copyright Act, 17 U.S.C. § 505. *See Matthew Bender & Co. v. W. Pub. Co.*, 240 F.3d 116, 122 (2d Cir. 2001)(courts routinely award fees against parties who take objectively unreasonable litigation positions both to compensate their opponents and deter others from raising such meritless claims).
[4] The single case DRP cites, from the Sixth Circuit, *Johnson v. Jones*, 149 F.3d 494, 503 (6th Cir. 1998), was decided five years before *Dastar*. DRP does not cite any post-*Dastar* cases. This Court should follow *Dastar* and the cases that have followed *Dastar* to hold that a false designation claim may not be based on architectural drawings.

Rather, Defendants argue that since the architectural drawings are clearly not copies of one another with the CMI removed, a DMCA claim cannot be maintained. The cases that DRP cites in support of its argument that a copyright infringement claim is not a prerequisite to pleading a DMCA claim miss the mark because in those cases, the alleged infringing work was an identical copy of the owner's protected work without the owner's CMI. *Playboy Entertainers Int'l v. Mediatakeout.com LLC*, 2016 WL 1023321, involved an identical copy of a photograph with altered watermarks, and *Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*, 2015 WL 13037562, involved an identical copy of a software program. A side-by-side comparison of the two sets of drawings is all this Court needs to review in order to determine that DRP's DMCA claim fails. The Complaint fails to state a DMCA claim in light of a comparison of the actual drawings.

## CONCLUSION

For all of the foregoing reasons, Defendants W 108 Development and Orly Gilat respectfully request that the Court grant their motion to dismiss Plaintiff's Complaint in its entirety, award Defendants their costs and reasonable attorneys' fees, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       October 8, 2019

FARRELL FRITZ, P.C.

By:   /s/ *Kevin P. Mulry*
      Kevin P. Mulry
      Hamutal G. Lieberman
      622 Third Avenue, 37th Fl.
      New York, New York 10017
      (516) 227-0700

      *Attorneys for Defendants*
      *W 108 Development, LLC and*
      *Orly Gilat*
